**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 1:15-cr-00245-WJM
(Civil Case No. 17-cv-01901-WJM)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

MATTHEW HOLT,

    Defendant-Movant,

**GOVERNMENT RESPONSE TO HOLT'S
MOTION UNDER 28 U.S.C. § 2255 (Doc. 110)**

Matthew Holt moves under 28 U.S.C. § 2255 to vacate his conviction and sentence. (Doc. 110.) He contends his counsel provided ineffective assistance when counsel failed to argue that:

- the activities proscribed by 18 U.S.C. § 2251 are not economic activities, and therefore § 2251 is an unconstitutional exercise of Congress's power under the Commerce Clause;

- the prosecution did not prove an element of § 2251(a), namely, that the acts were for the purpose of producing a visual depiction;

- the police obtained evidence against him in violation of the Fourth Amendment; and

- the prosecution improperly charged him with multiple crimes.

(Doc. 110 at 4-8, Grounds One to Four.)

Holt alleges that, because of counsel's ineffectiveness, his guilty plea was not made knowingly and intelligently. His contentions are without merit. Holt's § 2255 motion should be denied without a hearing.

## RULE 5 STATEMENT

Pursuant to Rule 5 of the Rules Governing Section 2255 proceedings, the government provides the following preliminary information.

1. Holt is in the custody of the Federal Bureau of Prisons, serving a 660-month sentence. (Doc. 101 at 2.)

2. Judgment was entered August 23, 2016 (Doc. 101), and Holt did not file a direct appeal. Holt's § 2255 motion was filed approximately eleven and a half months later, on August 4, 2017. (Doc. 110.) His motion is timely under the one-year deadline set forth in 28 U.S.C. § 2255(f)(1).

3. No evidentiary hearings have been conducted.

4. The necessary transcripts have been prepared and are on file.

## GENERAL STANDARDS

To prevail on an ineffective assistance claim, Holt must show two things:

1. his lawyer's performance was deficient under prevailing professional standards; and

2. counsel's deficient performance prejudiced Holt's defense of the case, that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

This Court may assess the two prongs in any order, and may resolve the claims on either prong. *Id.* at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

Because Holt is pro se, his motion should be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This Court need not, however, fashion arguments to bolster claims that are "merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

## BACKGROUND

Holt pled guilty to Counts 1, 2 and 3 of the Information, namely, production of child pornography and aiding and abetting, in violation of 18 U.S.C. §§ 2251(a) and 2. (Doc. 101 at 1.) His plea agreement contained a number of important features.

First, the government agreed to dismiss all of the counts of the 21 count Indictment pending against Holt at the time. (Doc. 62 at 5; *see also* Doc. 115 at 3, 9 (noting that Holt would be charged solely on the basis of the three-count Information).) The government also agreed not to charge Holt with any other violations of law known at that time to the United States Attorney's Office for the District of Colorado. (Doc. 62 at 4-5.)

Second, under the heading "Elements of the Offense," Holt agreed that one of the elements of 18 U.S.C. §§ 2251(a), Production of Child Pornography—to which he was pleading guilty—is that he acted with the purpose of producing a visual depiction of sexually explicit conduct with a minor. (Doc. 62 at 5-6; *see also* Doc. 115 at 13.)

Third, under the heading "Stipulation of Facts," Holt agreed there was a factual basis for his plea of violating 18 U.S.C. §§ 2251(a):

- Holt was living at a residence in Westminster, Colorado with his co-defendant, Jordain Larsen. (Doc. 62 at 11.) Two minors, Minor #1 and Minor #2, were also living there. (*Id.*)

- Holt and Larsen had sexual contact with Minor #1 and Minor #2, and also sexual contact with a third child, Minor #3. (*Id.* at 11-12.)

- A state search warrant was executed at that residence. (*Id.* at 11.)

- Computers, electronic media and cellular telephones were seized during the search. (*Id.* at 12.)

- Holt's laptop contained thousands of images and videos of child pornography. (*Id.*)

- Holt's cell phone contained images revealing that Holt used Minor #1 and Minor #3 to produce child pornographic images and videos at the Westminster residence. (*Id.*)

- On Holt's laptops, a cell phone, and a Seagate hard drive, an FBI special agent found hundreds of produced child pornography images and videos, mostly of Minor #1. (*Id.* at 13; *see also id.* at 19.) The special agent also found images of child pornography depicting Minors #2 and #3. (*Id.* at 13.)

- Holt stated that he used the Seagate hard drive to store child pornography images and videos, including those that he and Larsen produced of Minors #1 and #2. (*Id.* at 14.)

4

Fourth, under the heading "Advisory Guideline Calculation," Holt set forth his estimate of the advisory guideline range called for by the U.S. Sentencing Guidelines. (*Id.* at 24-28.)  The plea agreement provided that, "[t]o the extent the parties disagree about the estimated guideline sentencing factors," they would "identify the factors which are in dispute." (*Id.* at 25.)  Neither Holt nor the government identified in the plea agreement any factors in dispute. (*See* Doc. 62.)  Holt agreed that his total offense level was 51, and that, "assuming [he] has no prior convictions for a sexual offense, *the total* statutory maximum, and guideline range here *is 90 years*." (*Id.* at 27-28 (emphasis added).)

Fifth, the plea agreement contained two waivers.  Holt "knowingly and voluntarily waive[d] the right to appeal any matter in connection with this prosecution, conviction, or sentence" unless it met one of the following criteria:

(1) the sentence exceeded the combined statutory maximum of all counts;

(2) the sentence exceeded the advisory guideline range that applies to a total offense level of 51; or

(3) the government appealed the sentence imposed.

(*Id.* at 2.)

Holt "also knowingly and voluntarily waive[d] the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255," however, he was not prevented from seeking relief "otherwise available in a collateral attack" on any of the following grounds:

>    (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;
>
>    (2) the defendant was deprived of the effective assistance of counsel; or
>
>    (3) the defendant was prejudiced by prosecutorial misconduct.

(*Id.* at 2-3.)

At Holt's change of plea hearing, he agreed that the facts set forth on pages 11 through 24 of his plea agreement were true, and that there were no inaccuracies in these facts that he would like to correct. (Doc. 115 at 7).

This Court asked Holt at the change of plea hearing to explain his specific criminal behavior:

>    THE COURT: "…I would like you to state in your own words what it is that you did with respect to the counts you are pleading guilty to…."
>
>    THE DEFENDANT: I made pictures and videos depicting sexual images with a device that crossed state lines with two different minors.
>
>    THE COURT: All right. What were the ages of these minors?
>
>    THE DEFENDANT: One was a two-year-old and one was eight.
>
>    THE COURT: All right. And persuaded or in some fashion had these minors engage in sexually explicit conduct?
>
>    THE DEFENDANT: Yes.
>
>    THE COURT: And you did so for purposes of creating a visual depiction of them engaging in sexually explicit conduct?
>
>    THE DEFENDANT: Yes.
>
>    THE COURT: And you knew that these visual depictions were going to be transmitted to other states and/or other foreign countries -- or foreign countries?

THE DEFENDANT: I did.

(Doc. 115 at 8.)

Holt was also asked at the change of plea hearing if he understood the maximum sentence that could be imposed upon him in the case, that is, 30 years for each of the three counts in the Information, for a maximum of 90 years. (*Id.* at 13-14.) Holt replied that he did. (*Id.* at 14.)

In addition, this Court asked Holt's counsel at the hearing if any estimated Guideline sentencing factors were in dispute. Counsel stated that no factors were in dispute, and that the parties were in agreement as to the offense levels. (*Id.*)

Following Holt's guilty plea, this Court made the following pertinent findings:

- The defendant is fully competent of entering an informed plea and he [is] aware of the nature of the charge and the consequences of that plea.

- The defendant has thoroughly discussed his Plea Agreement with his attorney.

- The defendant has been represented throughout the course of this case by competent counsel, with whom he has no objection or complaint.

- The defendant has read and he understands each term of his Plea Agreement, including his limited waiver of his appeal and collateral challenge rights.

- The defendant has knowingly and voluntarily signed Court Exhibits 1 and 2 [the Plea Agreement, and the Statement by Defendant in Advance of Plea of Guilty, *see* Doc. 115 at 3].

- The defendant has knowingly and voluntarily entered a plea of guilty to Counts 1, 2 and 3 of the Information … with a full understanding of the factual basis and essential elements of the charges.

- The defendant's guilty plea is not the result of mistake or coercion.

- The defendant's guilty plea is not the result of any representations or promises made to him by anyone except as to those matters disclosed in open court or included in his Plea Agreement.

- The defendant understands each of his legal rights in this case.

- The defendant understands that the Court is not bound by any sentence recommended in the Plea Agreement and that if the Court does not follow any such recommendation the defendant may not withdraw his guilty plea.

- The defendant understands the maximum sentence of imprisonment, [and] the maximum fine and terms of supervised release that may be imposed upon him by the Court under the terms of his Plea Agreement.

- [T]he plea is supported by an independent factual basis containing each of the essential elements of the offense.

(Doc. 115 at 19-20.)

## DISCUSSION

**I.   Counsel Was Not Ineffective for Advising Holt to Sign the Plea Agreement.**

Broadly construed, Holt's § 2255 motion presents one claim: that counsel's ineffective assistance caused him to enter into his plea agreement unknowingly and involuntarily. By way of relief, he asks that his guilty plea and sentence be vacated, but he does not assert that he wants to go to trial on the all of the counts charged against him in the Indictment.

### A.   Holt's Claims are Doomed Because He Fails to Argue That He Would Have Proceeded to Trial Absent Counsel's Errors.

By virtue of pleading guilty, Holt can only establish the second or "prejudice" prong of *Strickland* by alleging that he would have proceeded to trial absent counsel's errors. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding, in the context of guilty

pleas, that *Strickland's* "prejudice" requirement requires the defendant to show "that *there is a reasonable probability* that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (emphasis added). Such an allegation does not necessarily warrant relief, but is "necessary" to attain relief. *See United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002). That Holt failed to make this allegation in his § 2255 motion is sufficient on its own to doom his claims. *Lockhart*, 474 U.S. at 58-60; *see also Mayle v. Feliz*, 545 U.S. 644, 655 (2005) (habeas rules are more demanding than notice pleading applicable to ordinary civil actions).

Even if Holt had made this allegation in his § 2255 motion, he has failed to demonstrate a reasonable probability that, but for counsel's allegedly erroneous advice when pleading guilty, he would have rejected the plea agreement and gone to trial.

Indeed, a number of factors show that he would have agreed to the plea deal regardless of counsel's alleged errors, because there were significant benefits to him to sign his plea agreement. First, by way of the agreement, the government agreed to move to dismiss all counts of the 21-count Indictment pending against Holt at the time. (Doc. 62 at 5; Doc. 115 at 3, 9.) Holt was specifically charged in the Indictment with 12 counts with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a). (Doc. 13 at Counts 1, 2, 3, 4, 13, 14, 15, 16, 17, 18, 19, 20.)[1] He was also charged with

---

[1] Convictions on these counts could have resulted in an aggregate sentence of 240 years.

one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). (*Id.* at 16.)[2]

Second, the government agreed to charge Holt in an Information solely with three counts of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a). (Doc. 62 at 2, 4-5.)

Third, the government agreed not to charge Holt with any other violations of law known at that time to the United States Attorney's Office for the District of Colorado. (*Id.* at 5.)

In short, the record shows Holt chose to plead guilty rather than risk the possibility of being found guilty at trial of 12 counts of production of child pornography, and one count of distribution of child pornography. His ineffective assistance claim plainly founders for failure to demonstrate a reasonable probability—or indeed, *any* probability—that, but for counsel's alleged ineffectiveness, he would have rejected the plea agreement and gone to trial on all 13 counts pending against him in the Indictment.

### B. Counsel's Advice Was Not Deficient.

Holt is also unable to satisfy *Strickland's* first prong, because counsel's advice was not deficient. Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence

---

[2] The other eight counts of the Indictment were brought solely against co-defendant Jordain Larsen. *See* Doc. 13 at Counts 5-12.

demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Hill*, 474 U.S. at 56–57 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Holt has made no showing that his attorney's performance was deficient under prevailing professional standards. Counsel negotiated a plea deal in which Holt was apprised that his total statutory maximum, and advisory Guidelines range, is 90 years of imprisonment. (Doc. 62 at 28.) In addition, he was apprised that this Court "may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and the parties agree that the Court is not bound by any position of the parties." (*Id.* at 25.)

### C. Holt Has Not Shown That He Unknowingly and Involuntarily Pled Guilty.

Holt has also failed to show that he unknowingly and involuntarily agreed to the plea agreement. At the change of plea hearing he admitted that he discussed with his attorney both the plea agreement (identified as Exhibit 1 at the hearing) and the Statement by Defendant in Advance of Plea of Guilty (identified at Exhibit 2 at the hearing). (Doc. 115 at 3, 6.) He also admitted that his attorney had answered all of his questions regarding both documents. (*Id.* at 6.) In addition, he admitted that he signed both documents voluntarily. (*Id.* at 7.) Holt's sworn statements at his change of plea

11

hearing "carry a strong presumption of verity" and "constitute a formidable" barrier to federal habeas relief on his claim. *Blackledge v. Allison,* 431 U.S. 63, 75–76 (1971).

Counsel made a strategic choice to advise Holt to accept the government's plea offer. There is no evidence that counsel failed to investigate fully the law and the facts before advising him to accept the offer. "[S]trategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable." *United States v. Gomez-Astorga*, 317 Fed. Appx. 734, 739 (10th Cir. 2008) (unpublished) (quoting *Strickland*, 466 U.S. at 690). In short, counsel's advice was not deficient.

As set forth below, Holt also fails to show that counsel's alleged actions prior to his entry of a plea of guilty rendered his plea agreement unknowing and involuntary.

**II.     Holt's Claim that Counsel Was Ineffective, for Failing to Argue that the Activities Proscribed by 18 U.S.C. § 2251 are not Economic Activities, is Meritless**.

In Ground One of his § 2255 motion, Holt alleges that counsel was ineffective because counsel did not argue that the activities proscribed by 18 U.S.C. § 2251 are not economic, and "are not commerce." (Doc. 110 at 4.) This claim should be rejected because it is wholly conclusory, that is, Holt does not support it with any facts or case law. *Fisher*, 38 F.3d at 1147.

Moreover, the claim is patently meritless. It is well-settled in the Tenth Circuit that § 2251(a) "is squarely within Congress' commerce power because production of the commodity meant for home consumption, be it wheat ..., marijuana [or child pornography], has a substantial effect on supply and demand in the national market for

the commodity." *United States v. Jeronimo-Bautista*, 425 F.3d 1266, 1272-73 (10th Cir. 2005) (brackets in original) (quoting *Gonzales v. Raich*, 125 S.Ct. 2195, 2207 (2005)). *See also United States v. Grimmett*, 439 F.3d 1263, 1271-73 (10th Cir. 2006) (holding that Congress has the power under the Commerce Clause to proscribe local intrastate production of child pornography, since the prohibition of intrastate possession or production of child pornography was a rational means of regulating commerce in that product, and the production of intrastate pornography had a substantial impact on interstate commerce); *United States v. Humphrey*, 845 F.3d 1320, 1322-25 (10th Cir. 2017) (same).

Accordingly, Holt's counsel's determination not to argue that the activities proscribed by 18 U.S.C. § 2251 are not economic activities did not prejudice Holt.  Any such argument would have been without merit, and counsel cannot be deemed ineffective for failing to make a meritless argument.  *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) ("If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance.") (citation omitted).

**III.    Holt's Claim that Counsel was Ineffective, for Failing to Argue that the Prosecution Did Not Prove an Element of § 2251(A), Namely, that the Acts were for the Purpose of Producing a Visual Depiction, is Meritless.**

In Ground Two, Holt contends the prosecution failed to prove that he engaged in sexual activity with minors—as alleged in the Information and Indictment—with the specific intent of producing a visual depiction. (Doc. 110 at 5.)  He claims counsel was ineffective for failing "to grasp this element."  (*Id.*)

Holt's claim should be rejected, as it is wholly conclusory. *Fisher*, 38 F.3d at 1147. The claim is also meritless. Holt specifically admitted under oath at his change of plea hearing that he engaged in sexually explicit conduct with minors, and that he did so for the express purpose of creating a visual depiction of this conduct. (Doc. 115 at 8.) Holt's sworn statements at his change of plea hearing "carry a strong presumption of verity." *Blackledge,* 431 U.S. at 75–76. He offers nothing to rebut this "strong presumption."

Thus, any argument that Holt did not engage in sexually explicit conduct with minors for the express purpose of creating a visual depiction of such conduct would have been without merit. Holt was not prejudiced when his counsel did not raise a meritless issue. *Orange*, 447 F.3d at 797.

**IV.     Holt's Claim That Counsel Was Ineffective, for Failing to Argue that the Police Obtained Evidence Against Him in Violation of the Fourth Amendment, is Meritless.**

In Ground Three, Holt argues "there was no warrant issued authorizing the use of GPS information to locate the petitioner nor was the search of the items seized by the police authorized by their search warrant." (Doc. 110 at 6.) He claims that, had his counsel successfully argued for the suppression of statements and/or evidence, he would not have pled guilty, he would have received a better plea offer, or the charges against him would been dropped.

Again, Holt's claims are wholly conclusory. *Fisher*, 38 F.3d at 1147. And again, they are without merit. As for Holt's claim that no warrant was issued authorizing the use of GPS information to locate him, he is patently incorrect. The U.S. Attorney's

14

Office for the District of Colorado applied for and obtained such a warrant.  *See* Document 1, Application and Motion for Order, filed May 14, 2015, in the matter captioned *In the Matter of the Application of the United States of America for an Order Requiring Disclosure of Global Position System ("GPS") Location Data for a Motor Vehicle Described as a 2003 White Chevrolet Suburban….*, Case Number 15-sw-05381-MEH (D. Colo.).  The government's Application and Motion for Order noted that the vehicle is "owned by and registered to Matthew Holt and his girlfriend, and that it is already equipped with a GPS device … as a condition of financing its purchase by Holt and his girlfriend." *Id.* at 2.  This Court in fact issued an order allowing agents of the FBI to use GPS information to locate Holt's vehicle.  *See* Document 2, Order, filed May 14, 2015, in the matter captioned *In the Matter of the Application of the United States of America for an Order Requiring Disclosure of Global Position System ("GPS") Location Data for a Motor Vehicle Described as a 2003 White Chevrolet Suburban….*, Case Number 15-sw-05381-MEH (D. Colo.).

As for Holt's claim that no warrant was issued authorizing "the search of the items seized by the police authorized by their search warrant," he is also patently incorrect.  The U.S. Attorney's Office for the District of Colorado applied for and obtained two such warrants.  The government applied for the first warrant on May 14, 2015.  *See* Document 1, Application for a Search Warrant, in the matter captioned *In the Matter of the Search of Evidence Items 1-21, held in Evidence and Associated with Westminster Police Department Case 2015-07114….*, Case Number 15-sw-05382-MEH (D. Colo.).  The government's Application for a Search Warrant requested that the

15

government be permitted to search the evidence described in "Attachment A" of the search warrant application, namely, the items seized from Matthew Holt during the search of Holt's residence on May 7, 2015.  *Id.* at 6, ¶ 2; 7, ¶¶ 12-14; 12, ¶ 28; 13, ¶ 28(h).  This Court issued an order allowing the government to search these items of evidence.  *See* Document 2, Order, filed May 14, 2015, in the matter captioned *In the Matter of the Search of Evidence Items 1-21, held in Evidence and Associated with Westminster Police Department Case 2015-07114….*, Case Number 15-sw-05382-MEH (D. Colo.).

The government applied for the second warrant on June 3, 2015.  *See* Document 1, Application for a Search Warrant, in the matter captioned *In The Matter of the Search of Collected Evidence Items 1-11, Held in Evidence at the Denver FBI Office, Obtained Via Consent on June 2, 2015….*, Case Number 15-sw-05438-MEH (D. Colo.).  The government's Application for a Search Warrant requested that the government be permitted to search the evidence described in "Attachment A" of the search warrant application, namely, the items obtained by consent from the basement area of Matthew Holt's residence.  *Id.* at 2, ¶¶ 2, 3; ¶¶ 12-13.  This Court issued an order allowing the government to search these items of evidence.  *See* Document 2, Order, filed May 14, 2015, in the matter captioned *In the Matter of the Search of Collected Evidence Items 1-11, held in Evidence at the Denver FBI Office, Obtained Via Consent on June 2, 2015….*, Case Number 15-sw-05438-MEH (D. Colo.).

Holt offers no factual or legal support for his claim that no warrant authorized (1) the use of GPS information to locate him, or (2) the search of the items seized from him. His claims should be rejected.

**V.      Holt's Claim that Counsel was Ineffective, for Failing to Argue that the Prosecution Improperly Charged Him with Multiple Crimes, is Meritless.**

Finally, Holt argues in Ground Four that counsel was ineffective for failing to challenge the government's use of multiple charges to justify a lengthy sentence. He suggests that the government's actions violated the Fifth Amendment's Double Jeopardy Clause. (Doc. 110 at 8.) The Double Jeopardy Clause protects criminal defendants "against multiple punishments for the same offense imposed in a single proceeding." *Jones v. Thomas,* 491 U.S. 376, 381 (1989) (quotations omitted).

Once again, Holt's claim is wholly conclusory, *Fisher*, 38 F.3d at 1147, and meritless. In this case, Holt was charged in the Indictment with the production of child pornography on many different dates:

- May 17, 2014 (Count 1);
- May 25, 2014 (Count 2);
- May 27, 2014 (Count 3);
- August 7, 2014 (Count 4);
- June 2014 (Count 13);
- July 2014 (Count 14);
- August 2014, and specifically "excluding the visual depictions described in Count Four" (Count 15);

17

- September 2014 (Count 16);

- October 4, 2014 (Count 17);

- October, 2014, and specifically "excluding the visual depictions described in Count Seventeen" (Count 18);

- November 2014 (Count 19); and

- December 2014 (Count 20).

(Doc. 13.)

Nowhere in the Indictment did the government seek multiple punishments against Holt for the same offense on the same date. Accordingly, the Indictment did not subject Holt to double jeopardy. *Jones*, 491 U.S. at 381. Counsel was not ineffective for failing to make a meritless double jeopardy argument. *Orange*, 447 F.3d at 797.

**VI.     No Evidentiary Hearing Is Necessary.**

An evidentiary hearing is not required if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The standard for obtaining a hearing is "higher than notice pleading." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). To meet this standard, the petitioner must make "specific and particularized" allegations, "which, if proved, would entitle him to relief." *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995). Here, for the reasons discussed above, the record conclusively shows that Holt is not entitled to relief on his claims. In addition, Holt's claims do not present any disputed factual issues. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005) ("The purpose of an evidentiary hearing is to resolve conflicting

evidence."); *United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010) (holding that no evidentiary hearing was required where "there were no relevant disputed issues of fact that needed to be resolved"). Therefore, no evidentiary hearing is necessary.

## CONCLUSION

Holt's motion should be denied without a hearing.

Respectfully submitted this 25th day of September, 2017.

                ROBERT C. TROYER
                Acting United States Attorney

                *s/ Michael C. Johnson*
                MICHAEL C. JOHNSON
                Assistant United States Attorney
                1801 California Street, Suite 1600
                Denver, Colorado  80202
                Telephone:  (303) 454-0134
                Fax:  (303) 454-0408
                E-mail:  michael.johnson2@usdoj.gov

                Attorneys for Plaintiff-Respondent
                United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system, and mailed a copy of the foregoing via U.S. mail, postage prepaid, to:

Matthew Holt
BOP Register No. 41129-013
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 24550
Tucson, AZ  85734

*s/ Amanda Bell*
Amanda Bell
United States Attorney's Office