IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00245-WJM
(Civil Case No. 17-cv-01901-WJM)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

MATTHEW SCOTT HOLT,

    Defendant-Movant.

_____

**UNITED STATES' RESPONSE TO OBJECTIONS TO
U.S. MAGISTRATE JUDGE'S RECOMMENDATION (ECF Doc. 148)**

_____

Defendant Matthew Scott Holt's "Objections to Magistrate Judge's Recommendation" are now before this Court. *See* ECF No. 148. Pursuant to Fed. R. Civ. P. 72(b), the government responds to Holt's objections.[1]

## Background

When a party files timely written objections to a U.S. Magistrate Judge's Recommendation, the district court will conduct a *de novo* review and "may accept,

---

[1] A party may respond to another party's objections to a U.S. Magistrate Judge's Recommendation within fourteen days of being served with a copy. Fed. R. Civ. P. 72(b). The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. *See* Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The government was served via this Court's ECF filing system with a copy of Holt's objections on August 27, 2018. See Doc. 148 (noting entry date of "08/27/2018"). Fourteen days from August 27, 2018 is September 10, 2018. Thus, this response, filed September 10, 2018, is timely.

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(c).  *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation.  *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995).  When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## Discussion

This Court should agree with the U.S. Magistrate Judge's recommendation and deny Holt's "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" (Motion to Vacate) (ECF No. 110).

The magistrate judge correctly identified the four ineffective assistance of counsel arguments that Holt was raising in his Motion to Vacate:

> 1. Counsel failed to challenge the validity of 18 U.S.C. § 2251 under the Commerce Clause of the United States Constitution;
>
> 2. Counsel failed to challenge the sufficiency of the evidence concerning whether his conduct was for the purpose of producing a visual depiction under § 2251(a);
>
> 3. Counsel failed to challenge any of the evidence or statements obtained by the police in violation of the Fourth Amendment; and
>
> 4. Counsel failed to challenge the multiplicitous charges used to impose a sentence exceeding the statutory maximum and which violated the Double Jeopardy Clause of the Fifth Amendment.

ECF No. 145 at 6 (citing ECF No. 110 at 4–8).

Holt now objects to some of the magistrate judge's recommendations regarding some of these arguments. Holt's objections are without merit.

**Ground One** – In his reply in support of his Motion to Vacate, Holt argued that the proscribed activity under 18 U.S.C. § 2251(a) is not the actual production of child pornography—it is only the "employ[ing], us[ing], persuad[ing], induc[ing], entic[ing], or coerc[ing]" of a minor "to engage in . . . any sexually explicit conduct" that is regulated and only if "done for the purpose of producing," "not actually using a minor in the production of, or actually producing, a visual depiction of such conduct." ECF No. 134 (*Reply to Prosecution's Response to § 2255 Motion*) at 16. Holt agrees that the magistrate judge correctly acknowledged in the Recommendation "what Mr. Holt's arguments are in this ground [sic]." ECF No. 148 at 6 (citing Recommendation at page 7).

Holt objects to the Recommendation as to this ground for relief, arguing that the magistrate judge's entire analysis "ignores the case law where Mr. Holt obtains 'his' interpretation." ECF No. 148 at 6. He relies specifically on one case that he cites at

3

page 15 of his Reply, namely, *Smith v. United States*, 2015 WL 9484522 (W.D. Wisc. 2015) (unpublished).  *See* ECF No. 134 at 15.  Holt argued in his Reply that *Smith* stands for the proposition that § 2251(a) was not written to prohibit production of a visual depiction of sexually explicit conduct involving a minor.  *See* ECF No. 134 at 15.

In *Smith*, the district court observed that:

> [P]etitioner complains that the court did not cite any provision in 18 U.S.C. 2251(a) that prohibits the production of a visual depiction of sexually explicit conduct involving a minor.  There is no such language in the statute, because it was not written to prohibit "the production of a visual depiction of sexually explicit conduct involving a minor."  Rather, it makes criminal certain acts that *would make it possible* to produce such a depiction, including employing, using, persuading transporting a minor, with the intent that the minor engage in any sexually explicit conduct *for the purpose of* producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct.  The statute does not require that an actual depiction of a live visual depiction be made; it requires only that the listed acts be taken for that purpose.
>         The indictment brought against petitioner did not charge him with producing a visual depiction, but with knowingly using " 'Minor A' *to engage in sexual explicit conduct for the purpose of producing visual depictions*" when such depictions were transported in interstate commerce." [Citation omitted].  Accordingly, it was not an error to find petitioner guilty of this conduct without finding that an actual visual depiction was produced.  Criminalizing the acts of using minors *for the purpose of* producing visual depictions is well within the authority of Congress.  *United States v. Blum*, 534 F.3d 608 (7th Cir. 2008) (constitutional to apply 2251(a) to conduct of defendant who manufactured pornography at his home for private viewing).

*Smith*, 2015 WL 9484522, at *1 (emphasis added).

But, as in *Smith*, Holt was charged *not* with producing a visual depiction, but *instead* with

> [e]mploy[ing], us[ing], persuad[ing], induc[ing], entic[ing], and coerc[ing] a person under the age of eighteen, to wit: "[Minors #1, #2, and #3]," a minor child, *to engage in sexually explicit conduct for the purpose of producing any visual depiction* of such conduct and for the purpose of transmitting a live visual depiction of such conduct….

4

ECF No. 13, at Counts 1-20 (emphasis added).

Thus, *Smith* is not persuasive, nor does it provide a basis for overruling the magistrate judge's recommendation.  To the contrary, *Smith* supports the magistrate judge's recommendation.  Even if Holt is correct, and 18 U.S.C. § 2251(a) was not written to prohibit production of a visual depiction of sexually explicit conduct involving a minor, it does not matter.  Holt was charged with, and convicted of, "[e]mploy[ing], us[ing], persuad[ing], induc[ing], entic[ing], and coerc[ing] a [minor child] to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct."  ECF No. 13, at Counts 1-20.  The counts to which he pled guilty constituted violations of § 2251(a).

**Ground Two** – In Ground Two, Hold argues that the statements elicited from him during the plea colloquy were "erroneous."  ECF No. 148 at 6.  He claims his attorney duped him into a false sense of guilt.  *Id.* at 7.  The magistrate judge properly recommended that this argument be rejected.  ECF No. 145 at 12 (noting that Holt's admissions at the change of plea hearing created a significant hurdle to a successful collateral attack on his sentence, and that Holt acknowledged that he believed his statements to be true at the time concerning his intent to produce a visual depiction of the sexually explicit conduct with a minor).

Holt now argues that the magistrate judge should have ordered the discovery of his file material, which he claims would have contained exculpatory evidence.  ECF No. 148 at 7-9.  The magistrate judge properly noted that "[o]n three separate occasions this court denied his requests for production of these documents, concluding that Mr. Holt failed to demonstrate good cause shown for his need of the discovery requested.  *See*

[#128; #132; #137]. This court will not reconsider this argument now in his Reply." ECF No. 145 at 11, n.3.

The doctrine of "the law of the case" clearly governed the magistrate judge's recommendation as to this issue. *See McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000) ("[T]he law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (citations omitted). The magistrate judge properly declined to revisit the issue.

**Ground Three** – in Ground Three, Holt claims that he was not aware of a warrant, and that "the mere fact that a search warrant exists is not an absolute guarantee that the search, seizure, or arrest is constitutional." ECF No. 148 at 10, 11. In addition, he argues that the evidence should never have been seized, because the Westminster Police Department allegedly examined the evidence and allegedly found no pornography. *Id.*

The magistrate judge thoroughly addressed Holt's Fourth Amendment challenges to the search warrant. Nothing in Holt's objections to the recommendation suggests that this Court should not adopt the recommendation as to those challenges.

**Ground Four** – Finally, in Ground Four Holt disputes the recommendation as to his Double Jeopardy argument. He claims that "there is room to debate this issue, [and] that there is ambiguity in the statute…." ECF No. 148 at 15. Holt has failed to make the necessary "specific" objection that is required "to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Prop.,* 73 F.3d at 1060. Even if the issue is deemed preserved, nothing in Holt's objections to the

recommendation suggests that this Court should not adopt the recommendation as to his Double Jeopardy challenge.

## Conclusion

This Court should adopt the U.S. Magistrate Judge's Recommendation.

Respectfully submitted this 10th day of September, 2018.

>ROBERT C. TROYER
>Acting United States Attorney
>
>*/s/ Michael C. Johnson*
>MICHAEL C. JOHNSON
>Assistant United States Attorney
>United States Attorney's Office
>1801 California Street, Suite 1600
>Denver, CO  80202
>Telephone: 303-454-0100
>E-mail: michael.johnson2@usdoj.gov
>
>Attorneys for Plaintiff-Respondent
>United States of America

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on September 10, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, and mailed a copy, postage prepaid, to:

Matthew Holt
BOP Register No. 41129-013
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 24550
Tucson, AZ  85734

*s/ Michael C. Johnson*
Michael C. Johnson
United States Attorney's Office